

Cole-Frieman & Mallon, LLP
201 California Street, Suite 350
San Francisco, CA 94111

William R. Samuels
Partner
646-453-5436
bsamuels@colefrieman.com

March 25, 2026

VIA ECF
The Honorable Nina R. Morrison
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

**Re: *Crosslist BV v. Cross Listing Inc., et al.*, Case No. 1:26-cv-00304-NRM-VMS**
**Letter Requesting Relief from Sequencing Error and, in the Alternative, a Pre-Motion**
**Conference**

Dear Judge Morrison:

We represent Defendants Cross Listing, Inc., Crosslisting 1 Corp., and Michael Chierchio
(collectively, "Defendants") in the above-captioned action. Defendants respectfully submit this
letter to request that the Court excuse the sequencing error described below, permit the parties to
proceed using the motion papers served on Plaintiff on March 23, 2026, under the bundling
procedure set forth in Individual Rule 5.2.3, or, in the alternative, treat this letter as Defendants'
pre-motion conference request under Individual Rule 5.1.

Under the parties' stipulation, Defendants Cross Listing, Inc. and Crosslisting 1 Corp. were
required to respond to the Complaint by March 23, 2026, and Defendant Michael Chierchio's
response deadline is March 27, 2026. In the days leading up to March 23, the parties were engaged
in discussions regarding the possible resolution of this matter. Defendants conveyed a settlement
proposal on March 17, 2026 and advised that, absent resolution, they intended to move to dismiss
on the ground that "Crosslist" is generic.

When it became clear that the matter would not be resolved before the corporate defendants'
response deadline, Defendants served Plaintiff on March 23, 2026, with a Notice of Motion to
Dismiss, a Memorandum of Law under Rule 12(b)(6), and the cover letter contemplated by
Individual Rule 5.2.3.1.

1

Counsel recognizes that Individual Rule 5.1 required Defendants to request a pre-motion conference before proceeding directly to Rule 12 motion practice, and that this letter should have been filed first. Defendants respectfully ask the Court to excuse that oversight. Defendants also did not file a separate letter on March 23, 2026, explaining the basis for proceeding in that manner, and they seek to correct that omission with this correspondence.

The circumstances support the requested relief. Defendants' response deadlines were imminent, and the parties had been engaged in settlement discussions through March 18, 2026. Once it became clear that the matter would not be resolved in time, completing the full pre-motion conference process was not practicable, as Individual Rule 5.1.3 requires a minimum of five business days for the opposing party to respond. Proceeding without first filing this letter was therefore necessary to preserve their right to seek dismissal within the time permitted by Federal Rule of Civil Procedure 12. *See* Individual Rule 5.1.5. To ensure Plaintiff had full notice of the grounds for dismissal in the interim, Defendants served the contemplated Rule 12(b)(6) motion papers.

This Court has previously addressed similar sequencing issues pragmatically. In *Sethi v. PLX Inc.*, No. 2:22-cv-06282-NRM-ARL (E.D.N.Y. Dec. 22, 2022), the Court waived the pre-motion conference requirement and set a briefing schedule after motion papers had already been served. In *Hayslett v. Marriott International, Inc.*, No. 1:23-cv-05950 (E.D.N.Y.), a represented defendant filed its motion to dismiss and submitted the pre-motion conference letter the following day. Defendants cite these cases only to show that this type of sequencing issue has arisen before, not to diminish the importance of compliance with the Court's Rules. Defendants respectfully request similar relief here.

Because Defendants seek only to correct that procedural misstep and proceed in the proper posture, Defendants briefly set forth below the grounds for the contemplated motion to dismiss in the manner ordinarily presented in a pre-motion letter under Individual Rule 5.1.

Plaintiff Crosslist BV brings claims for trademark infringement (Count I), false designation of origin (Count II), cybersquatting (Count III), and unfair competition (Count IV) based on Defendants' use of the word "Crosslisting" for software that enables online sellers to list products across multiple e-commerce marketplaces. The Complaint must be dismissed because Plaintiff does not own a protectable word mark, and the term it seeks to enforce is generic.

First, "Crosslist" is generic, or at minimum not plausibly protectable, for the services alleged in the Complaint. A term is generic if it names the product or service itself rather than its source. *Lane Cap. Mgmt., Inc. v. Lane Cap. Mgmt., Inc.*, 192 F.3d 337, 344 (2d Cir. 1999). Stated differently, a generic term answers "what are you?" rather than "who are you?" *Fantasia Distrib., Inc. v. Myle Vape, Inc.*, 766 F. Supp. 3d 373, 382 (E.D.N.Y. 2024). Here, the Complaint alleges that

Plaintiff offers software and services that enable online sellers to list, relist, and manage inventory across multiple marketplaces. "Crosslist" directly names that activity. The pleaded facts thus describe the term as the common name of the service, not as an indicator of source. See *CES Publ'g Corp. v. St. Regis Publ'ns, Inc.*, 531 F.2d 11, 15 (2d Cir. 1975) (affirming dismissal where complaint established genericness); *Closed Loop Mktg., Inc. v. Closed Loop Mktg., LLC*, 589 F. Supp. 2d 1211, 1217–18 (E.D. Cal. 2008) (dismissing claims where plaintiff failed plausibly to allege protectable rights in an unregistered term). The USPTO has likewise advised, in refusing Plaintiff's own application for CROSSLIST, that the term "appears to be generic" for the identified services. And if "Crosslist" is generic, no amount of alleged promotion or consumer recognition can render it protectable. *Park 'N Fly, Inc. v. Dollar Park & Fly, Inc.*, 469 U.S. 189, 194 (1985).

Second, Count I fails independently because Plaintiff does not own a standard-character word-mark registration for CROSSLIST. Plaintiff's sole pleaded registration is a stylized composite design mark. The inclusion of wording within a composite design does not convert the registration into rights in the word standing alone. *In re Viterra Inc.*, 671 F.3d 1358, 1365 n.4 (Fed. Cir. 2012). Nor may Plaintiff recast a design registration as a broad monopoly over plain-text use untethered to the registered graphic presentation. See *Juice Generation, Inc. v. GS Enters. LLC*, 794 F.3d 1334, 1340 (Fed. Cir. 2015) (marks must be considered in their entireties); *Star Indus., Inc. v. Bacardi & Co.*, 412 F.3d 373, 382 (2d Cir. 2005) (trade dress and design protection turns on the features actually claimed and perceived). Plaintiff alleges that Defendants use the plain-text term "Crosslisting." That alleged use omits the purple "X" graphic, stylized lettering, and other visual features that define Plaintiff's registration. Because Plaintiff's claimed federal rights are limited to the composite mark it actually registered, Count I fails for this independent reason as well.

Third, Counts II, III, and IV fail for the same threshold reason: they depend on Plaintiff plausibly alleging protectable trademark rights in "Crosslist," and the Complaint does not do so. A generic or otherwise unprotectable term cannot sustain a false-designation claim under Section 43(a). See *Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992); *FragranceNet.com, Inc. v. Les Parfums, Inc.*, 672 F. Supp. 2d 328, 333 (E.D.N.Y. 2009). The ACPA claim fails because "Crosslist" is not plausibly alleged to be distinctive within the meaning of 15 U.S.C. § 1125(d), and the Complaint's own allegations establish that Defendants use crosslisting.com in connection with a bona fide cross-listing business, which is incompatible with bad-faith intent to profit. See 15 U.S.C. § 1125(d)(1)(A), (B)(i)(IV). Plaintiff's common-law trademark and unfair-competition theories fare no better, because those claims rise or fall with the same protectability defect. See *Lorillard Tobacco Co. v. Jamelis Grocery, Inc.*, 378 F. Supp. 2d 448, 456 (S.D.N.Y. 2005); *ITC Ltd. v. Punchgini, Inc.*, 9 N.Y.3d 467, 476 (2007).

Defendants respectfully request that the Court excuse the procedural misstep and permit the parties to proceed using the motion papers already served under the bundling procedure set forth in

Individual Rule 5.2.3. In the alternative, Defendants request that the Court treat this letter as Defendants' pre-motion conference letter under Individual Rule 5.1.2.

Dated: March 25, 2026

COLE-FRIEMAN & MALLON, LLP
Attorneys for the Defendants Cross Listing Inc., CrossListing 1 Corp., and Michael Chierchio

By: _____

William R. Samuels
201 California St. Ste. 350
San Francisco, CA 94111
Telephone: 646-453-5436
bsamuels@colefrieman.com